SHEAFFER, Respondent, v. INDUSTRIAL COMMISSION, Appellant.*

*November 29, 1965—January 4, 1966.*

* Motion for rehearing denied, without costs, on March 1, 1966.

294

For the appellant Industrial Commission the cause was argued by *Roy G. Mita* and *Beatrice Lampert,* assistant attorneys general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Honeck, Mantyh & Arndt* of Milwaukee, and oral argument by *Stewart G. Honeck.*

Wilkie, J. The appellant has conceded most of its case. In its brief the state concedes that since the 1964 change in operation instituted by Sheaffer as set forth in the second cause of action "guarantees to employees the minimum wage of $.95 an hour, it is not challenged by the commission as a violation of the minimum wage law."

Thus, the sole issue remaining on this appeal is whether the facts as set forth in the first cause of action set forth a violation of the minimum-wage law.

The significant difference between the methods of operation under the two causes of action is that in the second there is an express guarantee that the worker will receive directly from the respondent the minimum wage of 95 cents per hour, whereas in the first there is an alleged agreement (but no express guarantee) between respondent and his workers that they are to retain tips as part of their compensation and that such sums, together with the hourly wages paid to them by respondent, exceed the minimum wage, then set at 85 cents an hour.

The general purpose of ch. 104, the Wisconsin Minimum Wage Law, is to assure, through adequate compensation, that minors and women enjoy "reasonable comfort, reasonable physical well-being, decency, and moral well-being." [3] Employers must pay minors at least a "living-wage." [4] The term "wage" is defined as "any compensation for labor measured by time, piece or otherwise" [5] and "living-wage" means "compensation for labor paid, whether by time, piece-work or otherwise, sufficient to enable the employe . . . to maintain himself or herself under conditions consistent with his or her welfare." [6] In general, the Industrial Commission is authorized to adopt "such rules interpreting the provi-

[3] Sec. 104.01 (4), Stats.

[4] "104.02 Living-wage prescribed. Every wage paid or agreed to be paid by any employer to any woman or minor employe, except as otherwise provided in section 104.07, shall be not less than a living-wage."

[5] Sec. 104.01 (3), Stats.

[6] Sec. 104.01 (5), Stats.

sions of statutes enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes," [7] and in particular to promulgate orders "determining the living-wage" and "to carry out the purposes" of the minimum-wage law. [8] However, any rules propounded "are not valid if they exceed the bounds of correct interpretation." [9] The Industrial Commission propounded rule 72.02 (3) in connection with administering the provisions of ch. 104.

Ch. 104, Stats., does not prohibit tipping. But who, the employer or the worker, is entitled to the tips? Although the general rule is that an agent must give his employer any profit earned by him in connection with his course of employment, [10] there is an exception to this rule in the case of gratuities. [11] Thus, the United States supreme court has said:

"In businesses where tipping is customary, the tips, in the absence of an explicit contrary understanding, belong to the recipient. [Citing cases.]" [12]

The court went on to say:

"Where, however, an arrangement is made by which the employee agrees to turn over the tips to the employer, in the absence of statutory interference, no reason is perceived for its invalidity. The employer furnishes the facilities, supervises the work and may take the compensation paid by travelers for the service, whether paid as a fixed charge or as a tip." [13]

---

[7] Sec. 227.014 (2) (a), Stats.

[8] Sec. 104.04, Stats.

[9] Sec. 227.014 (2) (a), Stats.

[10] Seavey, Law of Agency (hornbook series), p. 244, sec. 148; 1 Mechem, Agency (2d ed.), p. 894, sec. 1224; Restatement, 2 Agency (2d), p. 203, sec. 388.

[11] Restatement, 2 Agency (2d), p. 204, sec. 388, comment *b*; 1 Mechem, Agency (2d ed.), p. 902, sec. 1231.

[12] *Williams v. Jacksonville Terminal Co.* (1942), 315 U. S. 386, 397, 62 Sup. Ct. 659, 86 L. Ed. 914, rehearing denied, 315 U. S. 830, 62 Sup. Ct. 909, 86 L. Ed. 1224. See also 35 Am. Jur., Master and Servant, p. 501, sec. 70; 31 Am. Jur., Labor, p. 984, sec. 810.

[13] *Williams v. Jacksonville Terminal Co., supra,* footnote 12, at page 397.

Thus, in *Williams v. Jacksonville Terminal Co.* it was held that tips were a part of the minimum wage within the meaning of the Fair Labor Standards Act when the employer guaranteed to pay the difference between this amount and the required wage. So appellant concedes that an employer could require his employees to either turn their tips over to him or to account for the tips so that they can be credited against the wages owed by the employer. This is why the state concedes compliance under the second cause of action.

But, by its demurrer it denies compliance under the first cause of action even admitting that the employer will be able to prove the existence of an agreement between him and his workers that they were to retain the tips as part of their compensation and that the tips, plus wages paid directly, always exceeded the minimum.

In *Southern Ry. Co. v. Black* [14] another federal court considered whether or not tips received by redcaps in the Raleigh, North Carolina union station were to be included in determining compliance with the Fair Labor Standards Act. The court said:

"The fact that the tips are received from the passengers rather than from defendants is immaterial, for they constitute the very compensation which it was agreed between plaintiffs and defendants that plaintiffs should receive when they entered upon the service and a compensation which, while not paid by defendants, could not be received except as an incident to the service which defendants permit plaintiffs to render." [15]

In rejecting an assertion similar to that made by the appellant here, that *Williams* is not controlling because in *Williams* the employer expressly guaranteed to make up any difference, the court continued:

"This, however, is, we think, a distinction without a difference. The question there, as here, was whether tips received from passengers should be counted as wages received by the 'red caps' for their services, and the answer of the Supreme Court was in the affirmative,

[14] (4th Cir. 1942), 127 Fed. (2d) 280.
[15] *Southern Ry. Co. v. Black, supra,* footnote 14, at page 283.

. . . It is true that in that case there was a notice that the tips received should be kept by the 'red caps' and applied against the minimum wage; but here there was an agreement that the tips received should be kept by the 'red caps' in compensation of services. So far as the agreement to pay the difference between the tips and the minimum wage is concerned, that agreement added nothing to what the statute already required." [16]

We conclude that taking respondent's allegations in his first cause of action as true (that there was an agreement and the amount received by the worker always exceeded the minimum), this informal practice accomplishes the same end as the formal procedure now employed by respondent as alleged in the second cause of action, which procedure appellant no longer challenges. In other words, both procedures, as alleged in the two separate causes of action, meet the requirements of the law and the disputed rule cannot be applied to the circumstances set forth in the complaint.

Thus, we are not required to pass on the validity of the rule excluding tips in other circumstances when there is no agreement between employer and employee that the tips are to be included in calculating the wage required by the minimum-wage law. While excluding tips is not in accord with the social security, [17] Wisconsin income tax, [18] federal income tax, [19] and Wisconsin unemployment compensation [20] provisions which include tips for purposes of determining wages, the purpose of the rule with respect to the minimum-wage law is entirely different. It is because without the rule it is impossible to assure that the employee is receiving the minimum wage if the employer is not required to pay a flat hourly wage. Although this may be true in some instances, in the present case it is established by the pleadings that there was

[16] *Southern Ry. Co. v. Black, supra,* footnote 14, at page 284.

[17] 20 C. F. R., sec. 404.1027 (k) (3).

[18] See 1 CCH State Tax Reporter (Wis.) par. 10–501.

[19] *Roberts v. Commissioner of Internal Revenue* (9th Cir. 1949), 176 Fed. (2d) 221.

[20] Sec. 108.02 (6), Stats.

an agreement between the employer and the employees that tips were to be kept as part of the wage and that the employees in fact were properly compensated. When the reason for the rule is satisfied, it should not be invoked. Appellant also maintains that since the tips did not appear on the records that the employer is required to maintain,[21] the tips cannot be considered a part of the employees' wages. However, respondent's failure to rigidly comply with all of appellant's rules is no reason, of itself, for ignoring the tips.

Appellant places great reliance on *Padilla v. Henning Hotel Co.*[22] where the Wyoming supreme court interpreted an agreement whereby the employee received a monthly salary in addition to tips as meaning that the employer merely disclaimed any right to the tips and not that the tips were part of the wage. This case turned solely on the construction of the agreement in question. The court felt that since the agreement was entered into before the enactment of the minimum-wage statute, the parties could not have contemplated treating the tips as wages. Since the alleged agreement in the present case was reached well after ch. 104, Stats., went into effect, *Padilla* is not controlling.

By conceding that respondent's procedure under the second cause of action meets the requirements of the law, appellant washes out its attempt to rely on *California Drive-In Restaurant Asso. v. Clark*[23] as controlling the present situation. In that case, the California supreme court upheld an industrial welfare commission order which was quite similar to 72.02 (3), holding that the purpose of the minimum-wage law "may be thwarted if tips may be included in the minimum wage."[24] In greater detail the court spelled out its reasons for upholding the rule, even as against an agreement—such as in this case—

[21] Sec. Ind 72.09, 3 Wis. Adm. Code.
[22] (1958), 78 Wyo. 144, 319 Pac. (2d) 874.
[23] (1943), 22 Cal. (2d) 287, 140 Pac. (2d) 657.
[24] Id. at page 299.

that the employee was to consider tips as part of his wage. Thus:

"If the employees may be induced, and in effect coerced, by fear of dismissal by an employment contract requiring the tips to be counted as a part of the minimum wage, to report their tips as equal to the minimum wage even though they are not, the minimum wage requirement is seriously undermined. By indirect method they would be forced into a position of receiving less than the standard fixed. If the employer is permitted to retain the tips in an amount equal to the minimum wage, . . . the same condition would exist. The fear of dismissal might well coerce the employees to turn over as tips a portion of their own funds when the tips received were not equal to the legal wage. The effectiveness of the minimum wage law would be thus impaired. With the employer prevented from retaining tips in the amount of the minimum legal wage, a salutary result would follow. The benefits of the minimum wage law would be preserved, and the dignity of the laborer and his social position would be advanced by relieving him of the necessity of resorting to the undignified conduct encouraged by the tipping practice." [25]

However persuasive this analysis might be in support of the Wisconsin rule, by its concession the state admits that tips may be counted under a proper agreement. The California case is no longer in point.

*By the Court.*—Order overruling demurrer affirmed, and cause remanded for further proceedings.

The following memorandum was filed on March 1, 1966:

PER CURIAM (*on motion for rehearing*). In its rehearing brief the commission argues the only issue before this court was "whether the commission had statutory authority to adopt the rule in question, and, if so, whether the delegation of such authority would be constitutional." It is also contended the application of the rule was not before this court. However, we considered the issue to be whether the rule was a reasonable interpretation of the

[25] Ibid.

statute [1] as applied to the facts presented. The rule, which provided "Tips received from patrons of an employer cannot be counted as part of the wage in computing the rates prescribed in this order," by its language is all-embracing and would apply to the fact situations alleged in the two causes of action in the complaint. The commission conceded on argument that the rule was not to be applied to the second cause of action which alleged a contract between the employer and the employee permitting the employee to retain the tips and guaranteeing that the amount paid by the employer plus the tips retained would equal the minimum rates. Thus in the fact situations set forth in the first and second causes of action alleged in the complaint, we held tips received from patrons could be counted as part of the wage in computing the minimum rates.

We thought our opinion was clear that the commission's rule as to these two fact situations was invalid. We did not reach the question of whether the rule was valid as applied to situations in which no agreement existed between the employer and employee that the tips could count as part of the minimum wage and so stated. In this respect, we did not go as far as the circuit court did in declaring the rule invalid. We remanded the case to give an opportunity to the commission to plead over if it cared to, raising other fact situations for the purpose of a declaratory judgment. Our decision did not determine the pending case in Waukesha county. The facts of that case have not been proved. If they turn out to be as alleged in this case, our decision will apply.

In affirming the lower court we affirmed merely the procedural determination of overruling the demurrer and granting leave to plead over in a declaratory-judgment proceeding. Our affirmance does not affirm the declaration of rights declared by the trial court in its opinion because we have not so stated. Motion for rehearing denied.

---

[1] Ch. 104, Stats., and especially secs. 104.01 (3), (4), (5), 104.02 and 104.04.